IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT OF THE STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY, CIVIL ACTION

DAVID BAUER,

    Plaintiff,

vs.                           CASE NO.: #13 001199

COLLECTO, INC.,

    Defendant.
_____/

## STATEMENT OF CLAIM

Plaintiff David Bauer sues defendant Collecto, Inc., doing business as "EOS CCA," and states as follows:

### PART I: INTRODUCTION

1. This is an action for damages which exceed $2,500 but do not exceed $5,000; it is brought by David Bauer, an individual consumer, for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2. The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair practices while engaging in collecting or attempt to collect consumer debts; the debt sought to be collected by the defendant herein was a consumer debt. The TCPA prohibits all persons from making unauthorized telephone calls to any person's cellular telephone.

3. The plaintiff has retained the below-signed attorney and is obligated to pay him a reasonable fee for his services.

### PART II: PARTIES, JURISDICTION, AND VENUE

4. Plaintiff David Bauer ("Bauer") is a natural person residing in Hillsborough County, Florida.

5. Defendant Collecto, Inc. ("Collecto") is a Massachusetts corporation doing business in the state of Florida under the registered fictitious name of "EOS CCA", with its principal place of business being located in Norwell, Massachusetts.

6. Collecto is subject to the provisions of the TCPA and the FDCPA, and is subject to the jurisdiction of this court pursuant to § 48.193, Fla. Stat.

## PART III: FACTS

7. The background facts leading to the filing of this action are as follow:

   a. Beginning on August 14, 2012 at 8:55 a.m., Collecto began placing calls to Bauer's cellular telephone number using automated dialing equipment and/or artificial or prerecorded voice messages.

   b. The prerecorded messages left on Bauer's cellular voice mail stated "This is a call for Delail Alvarez. If you are not Delail Alvarez, please hang up and call 800-256-3376 to have this number removed. There will now be a three second pause. This is EOS CCA. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact us about an important personal business matter at 800-256-3376. When calling, please refer to account number 6961513. Again, the telephone number is 800-256-3376 and the account number you will need to reference is 6961613."

   c. At no point Mr. Bauer give permission to Collecto to call either him or "Delail Alvarez" at his cellular telephone number using automatic dialing equipment and/or artificial or prerecorded voice messages.

   d. Bauer does not know and had never heard of "Delail Alvarez" prior to Collecto making its automated calls to his cellular telephone number.

   e. Some of the calls received from Collecto which included prerecorded messages and/or an artificial, prerecorded voice message were received on (1) August 14, 2012 at 8:55 a.m.; (2) August 22, 2012 at 9:34 a.m.; (3) August 30, 2012 at 9:32 a.m. (4) September 3, 20012 at 10:35 a.m.; (5) September 4, 2012 at 8:12 a.m.; (6) September 9, 2012 at 9:10 a.m.; (7) September 13, 2012 at 1:50 p.m.; (8) September 16, 2012 at 9:15 a.m.; (9) September 28, 2012 at 9:14 a.m., and (10) October 1, 2012 at 9:14 a.m.

   f. The total number of automated calls and/or calls made utilizing prerecorded messages and/or an artificial voice is unknown to Bauer but well known to Collecto.

## PART IV: CAUSES OF ACTION

### COUNT I: CLAIMS UNDER TCPA

8. Bauer realleges and incorporates herein paragraphs 1 through 7 above.

9. The TCPA at 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part that it is "unlawful for any person – (A) to make any call...using any automatic telephone dialing system or an artificial or prerecorded voice – (iii) to any telephone number assigned to a...cellular

Page 2 of 4

telephone service."

10. The TCPA at 47 U.S.C. § 227(b)(3) allows a private right of action by any person aggrieved by any violation or violations of the TCPA, providing for equitable relief and/or "for actual monetary loss from such a violation or...$500 in damages for each such violation, whichever is greater..." The TCPA in this section also states that "If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount" otherwise available under this subsection.

11. Collecto is a large collection agency which attempts to collect on hundreds of thousands of consumer debts every year. It has decades of experience in the collections industry and is well aware that the TCPA prohibits making automated calls to cellular telephone number utilizing prerecorded messages and/or artificial voices absent "express consent." It has been sued under the TCPA many times, and consequently is well aware of the provisions and requirements of the TCPA; it is also well aware that cellular numbers are regularly "recycled" or re-assigned, and that using cellular phone numbers obtained from old credit applications or obtained from "skip tracing" databases makes TCPA violations possible or even probable.

12. Collecto made multiple automated phone calls to Mr. Bauer's cellular phone utilizing prerecorded messages and/or artificial voices without having any reliable information to suggest that the intended debtor would be reached; it also knew that by making the calls it ran a high risk that it would be calling a party from whom it had no express permission to call, in clear violation of the TCPA.

13. As noted by at least one federal court decision, debt collectors have many options available to ensure compliance with the TCPA, including (a) having a live person call a cellular phone number at the outset of the collections process to ensure that the number is still assigned to the intended recipient; (2) using a reverse lookup service to identify current owners of cell phone numbers; and (3) asking the creditor if the customer is still available at the cell number. Collecto took none of these actions, instead calling Mr. Bauer's cellular phone multiple times in violation of the TCPA; such actions are willful or knowing within the meaning of the TCPA, and statutory damages should accordingly be awarded in the amount of $1,500 per violation.

## COUNT II: CLAIMS UNDER FDCPA

14. Bauer realleges and incorporates herein paragraphs 1 through 7 above.

15. Congress intended both the TCPA and the FDCPA to function to protect individual privacy.

16. The FDCPA at 15 U.S.C. § 1692d prohibits debt collectors from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

17. Repeatedly calling a non-debtor third party in violation of the TCPA is an invasion of individual privacy and is inherently harassing, oppressive, and abusive within the meaning of the FDCPA at 15 U.S.C. § 1692d.

18. Collecto had no reasonable basis to believe it could reach Delail Alvarez at Bauer's cellular phone number, but still placed nearly a dozen of phone calls over a six-week period.

19. Collecto took no reasonable steps to verify it could reach Delail Alvarez at Mr. Bauer's number despite a wide array of options, such as having a representative place a manually-dialed call to Mr. Bauer's number to inquire if it was possible to reach Delail Alvarez at the number.

20. In repeatedly calling Bauer's cellular telephone number in violation of the TCPA in connection with a debt not related to him, Collecto knew or reasonably should have known that its actions would invade the privacy of Bauer, and thereby harass, oppress and abuse him within the meaning of the FDCPA.

## PART V: AD DAMNUM

WHEREFORE, plaintiff David Bauer demands judgment against defendant Collecto, Inc. for damages as follow:

   a. FDCPA DAMAGES: $1,000 in statutory damages for violations of the FDCPA;

   b. TCPA DAMAGES: Statutory damages of $1,500 for each violation of the TCPA;

   c. TCPA EQUITABLE RELIEF: Equitable relief enjoining the defendant from further violations of the TCPA;

   d. FEES AND COSTS: Costs and attorneys' fees pursuant to the FDCPA.

s/ Timothy Condon
TIMOTHY CONDON, ESQ.- FBN 217921
307 S. Fielding Ave., #2, Tampa, FL 33606
Telephone 813-474-1221 Fax 813-200-3395
Email: tim@timcondon.net
ATTORNEY FOR PLAINTIFF

1-22-13

IN THE COUNTY COURT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

CASE NO. #13 001199

DIVISION H

DAVID BAUER,

Plaintiff(s)

vs

COLLECTO, INC.,

Defendant(s)

TRUE COPY SERVED

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, 800 E. Twiggs St., Tampa, Florida, (813) 272-7040, within 2 working days of your receipt of this Notice to Appear For Pretrial Conference/Mediation. If you are hearing or voice impaired, call 1-800-955-8771; if you are voice impaired, call 1-800-955-8770.

CERTIFIED SHERIFF APPOINTED PROCESS SERVER ____ CIRCUIT

NOTICE TO APPEAR FOR PRETRIAL CONFERENCE/MEDIATION
STATE OF FLORIDA - NOTICE TO PLAINTIFF(S) AND DEFENDANT(S) (Name & address of Defendant(s) to be served)
COLLECTO, INC., c/o CT Corporation System, registered agent, 1200 South Pine Island Road, Plantation, FL 33324

YOU ARE HEREBY NOTIFIED that you are required to appear in person or by attorney at the George Edgecomb Courthouse in Courtroom # 301, located at 800 E. Twiggs St., Tampa, FL 33602 on the _____ day of FEB 19 2013, 20____ at 10:00 AM/PM for a PRETRIAL CONFERENCE.

THE COUNTY COURT DOES NOT PROVIDE INTERPRETERS OR TRANSLATORS, YOU ARE RESPONSIBLE FOR PROVIDING YOUR OWN INTERPRETERS OR TRANSLATORS.

LA CORTE DEL CONDADO NO PROVEE INTERPRETES O TRADUCTORES, USTED ES RESPONSABLE DE PROVEER SU PROPIO INTERPRETE O TRADUCTOR.

*IMPORTANT - READ CAREFULLY*
THE CASE WILL NOT BE TRIED AT THE PRETRIAL CONFERENCE BUT MAY BE MEDIATED AT THAT TIME.
DO NOT BRING WITNESSES – YOU MUST APPEAR IN PERSON OR BY ATTORNEY.

WHOEVER APPEARS FOR A PARTY MUST HAVE FULL AUTHORITY TO SETTLE FOR ALL AMOUNTS FROM ZERO TO THE AMOUNT OF THE CLAIM WITHOUT FURTHER CONSULTATION. FAILURE TO COMPLY MAY RESULT IN THE IMPOSITION OF SANCTIONS, INCLUDING COSTS, ATTORNEY FEES, ENTRY OF JUDGMENT, OR DISMISSAL.

The Defendant(s) must appear in court on the date specified in order to avoid a default judgment. The Plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the Court by the Plaintiff(s) or the Defendant(s) shall not excuse the personal appearance of a party or its attorney at the PRETRIAL CONFERENCE/MEDIATION. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

A corporation may be represented at any stage of the trial court proceedings by an officer of the corporation or any employee authorized in writing by an officer of the corporation. Written authorization must be brought to the Pretrial Conference/Mediation.

cocv1256(06-07-06)

Page 1 of 2

SS #

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

### Mediation

Mediation may take place during the time scheduled for the pretrial conference. Mediation is a process whereby an impartial and neutral third person called a mediator acts to encourage and facilitate the resolution of a dispute between two or more parties, without prescribing what the resolution should be. It is an informal and non adversarial process with the objective of helping the disputing parties reach a mutually acceptable and voluntary agreement.

In mediation, decision making rest with the parties. Negotiations in county court mediation are primarily conducted by the parties. counsel for each party may participate. However, presence of the counsel is not required. If a full agreement is not reached at mediation, the remaining issues of the case will be set for trial. Mediation communications are confidential and privileged except where disclosures are required or permitted by law.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and may withhold judgment or execution of levy.

RIGHT TO VENUE. The law gives the person or company who has sued you the right to file suit in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s) have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following:

[1]   where the contract was entered into.
[2]   if the suit is on unsecured promissory note, where the note is signed or where the maker resides.
[3]   if the suit is to recover property or to foreclosure a lien, where the property is located.
[4]   where the event giving rise to the suit occurred.
[5]   where any one or more defendant(s) sued reside.
[6]   any location agreed to in a contract.
[7]   in an action for money due, if there is no agreement as to where suit may be filed, where payment is to be made.

If you as the Defendant(s) believe the Plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer or you must file a WRITTEN request for transfer, in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the Plaintiff(s) or Plaintiff's(s') attorney, if any.

A copy of the statement of claim shall be served with this summons.

DATED ON ___Jan. 15___, 20_13_.

PAT FRANK
As Clerk of the Court

By:___Dericka Burke___
    As Deputy Clerk



# CT Corporation

**Service of Process Transmittal**
01/22/2013
CT Log Number 521982596

**TO:** MiAnne Schall
Collecto, Inc.
Assinippi Office Park, 700 Longwater Drive
Norwell, MA 02061-

**RE:** **Process Served in Florida**

**FOR:** Collecto, Inc. (Domestic State: MA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | David Bauer, Pltf. vs. Collecto, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Notice(s), Statement of Claim |
| **COURT/AGENCY:** | Hillsborough County Court, FL<br>Case # 13001199 |
| **NATURE OF ACTION:** | Collecto made multiple automated phone calls to Mr. Bauer's Cellular phone utilizing pre recorded messages and/or artificial voices without having any reliable information to suggest that the intended debtor would be reached, it also knew that by making the calls it ran a high risk that it would be calling a party from it had no express permission to call, in clear violation of the TCPA |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/22/2013 at 12:25 |
| **JURISDICTION SERVED:** | Florida |
| **APPEARANCE OR ANSWER DUE:** | February 10, 2013 at 10:00 a.m. |
| **ATTORNEY(S) / SENDER(S):** | Timothy Condon<br>307 S. Fielding Ave., # 2<br>Tampa, FL 33606<br>813-474-1221 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/22/2013, Expected Purge Date: 01/27/2013<br>Image SOP<br>Email Notification, MiAnne Schall mianne.schall@eos-cca.com<br>Email Notification, Susan Giordano Susan.Giordano@eos-cca.com<br>Email Notification, Mike Butler mike.butler@eos-cca.com<br>Email Notification, Christine Ralton christine.ralton@eos-cca.com<br>Email Notification, Krista Tracia krista.tracia@eos-cca.com<br>Email Notification, Peter Garland peter.garland@eos-cca.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Donna Moch |
| **ADDRESS:** | 1200 South Pine Island Road<br>Plantation, FL 33324 |
| **TELEPHONE:** | 954-473-5503 |

Page 1 of 1 / JN

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.